CÁNDIDO MOLINA RODRÍGUEZ ET AL., Plaintiffs and Appellees, *v.* CARIBE MOTORS CORP. ET AL., Defendants and Appellants.

No. 615.      Decided May 29, 1964.

*Héctor Martínez Muñoz* and *José Enrique Otero* for appellants.
*Benjamín Ortiz* and *Julio Suárez Garriga* for appellees.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM: Edgardo Molina, about two and a half years old, son of appellees Cándido Molina Rodríguez and his wife, Nicolasa Ortiz, died upon being run over by an automobile. The accident occurred on November 9, 1958, about 8:00 p.m. in front of an ice cream stand denominated Tastee-Freeze, while appellant José A. Otero was traveling on José de Diego Avenue of Puerto Nuevo toward San Francisco Development. On that occasion the opening of a Texaco gasoline station was being celebrated. It is situated on the right-hand side of De Diego Avenue in the direction of said development and separated from the Tastee-Freeze by Street 2 West. For said purpose several persons had met at the place, among them some children. A short time prior to the accident appellees had parked their automobile on the left-hand side of De Diego Avenue near an Esso gasoline station and appellee Molina had crossed De Diego Avenue carrying his son, Edgardo, in his arms for the purpose of buying him an ice cream cone at the Tastee-Freeze. As he got in line for said purpose, he put the boy on his feet but he testified that the former "slipped away and I tried to get hold of him, but it was so sudden that I could not catch him." (Tr. Ev. 57.) The boy ran toward the vehicle where his mother had stayed and for that purpose he darted across the avenue in front of one of the two automobiles parked on the right-hand side of said avenue near the Tastee-Freeze. At that moment, a Chevrolet, driven by Otero, was traveling on said avenue, and although he swerved to the left, he ran over the boy and as a result thereof the latter died shortly thereafter. The trial judge did not make specific conclusions as to whether appellant was driving his vehicle at excessive speed or negligently, except as to the following point:

"The driver of the vehicle, knowing that there were children around said place, should have acted with extreme care at this moment to prevent an accident. Nevertheless he continued traveling on the center of the four-lane avenue and became aware of the boy's presence when he saw him in the center of the avenue and hit him causing his death. 80 P.R.R. 505."

He also decided that if appellee Cándido Molina had held the boy firmly by the hand, the accident would have been prevented.

Appellant maintains that the trial court erred in imposing liability on him although the evidence indicated that the accident was the result of the minor's negligence or his father's who was guarding him in a place of safety. In support of said contention he cites the doctrine stated in *Quiñones* v. *Hernández*, 83 P.R.R. 206 (1961); and argues, on the other hand, that what we stated in *Rodríguez* v. *Franqui*, 86 P.R.R. 727 (1962), is not applicable to the case at bar; *Freytes* v. *Municipality*, 80 P.R.R. 505 (1958); *Alvarez* v. *Hernández*, 74 P.R.R. 460 (1953); and *Figueroa* v. *Picó*, 69 P.R.R. 372 (1948). Appellant is right. In *Rodríguez* as well as in *Freytes*, and *Álvarez, supra*, we decided that when a driver is traveling in his vehicle in a place where there are minors playing, running and pushing each other, he should reasonably anticipate the possibility that one of them might rush or be pushed onto the street and therefore the driver should act with extreme care under said circumstances. In *Figueroa* we said that one who drives a motor vehicle in a school area at noon, knowing that small children are coming out of the school, has the duty to be particularly careful. In the case at bar, as in *Quiñones, supra*, the boy was on a sidewalk, protected and guarded by an adult, even more, his father was holding him by the hand and he slipped away to run and cross said avenue. Under said circumstances the dangerous situation was not present which would justify the anticipation that the boy might rush onto the street and

therefore might require acting with more precaution than generally required in driving a motor vehicle on a street on whose sidewalks there are persons gathered.

By virtue thereof the judgment rendered in this case by the Superior Court, San Juan Part, on October 6, 1961 will be reversed and the complaint dismissed.

The Chief Justice dissented because in his opinion the facts of this case do not warrant the inapplicability of the case law which fixes liability on drivers in accidents involving children.